UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 28 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

KEVIN A. CONDRAY,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Action No. 19-0396 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on review of the petitioner's *pro se* petition for a writ of habeas corpus. The petitioner challenges his conviction in and sentence imposed by the Superior Court of the District of Columbia. He asks this Court to overturn his sentence.

D.C. Code § 23-110 provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). The petitioner has no recourse in this federal district court "if it appears that [he] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *Id.* § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998

(D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to [§] 23-110(a)."); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Because the petitioner fails to demonstrate that his remedy under D.C. Code § 23-110 is inadequate or ineffective, the Court will deny the petition for a writ of habeas corpus and dismiss this civil action without prejudice. An Order accompanies this Memorandum Opinion.

DATE: February 28, 2019

/s/
United States District Judge